UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
Janet Elliot-Leach,

                                         Plaintiff,

          -against-

The City of New York, New York City Department of Education, Michelle Herbowy, Does 1-10,

                                     Defendants.
---------------------------------------------------------X

**NOTICE OF REMOVAL**

Case No. 15-cv-5982

GLASSER, J.

SCANLON, M.J.

TO: THE UNITED STATES DISTRICT COURT,
      EASTERN DISTRICT OF NEW YORK

      Defendants City of New York and New York City Department of Education, by and through their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully moves this Court as follows:

      1.    On or about September 17, 2015, Defendants[1] received a Summons and Complaint by personal service on the Office of the Corporation Counsel.

      2.    The Summons and Complaint was filed in the Supreme Court of the State of New York, County of Kings, under Index No. 511414/2015, naming the Defendants therein, and setting forth the claims for relief upon which the action is based.

      3.    A copy of Plaintiff's Summons and Complaint is annexed hereto as Exhibit "A."

      4.    Plaintiff brings this action alleging, <u>inter alia</u>, that Defendants discriminated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),

---

[1] Upon information and belief, individually named Defendant Michelle Herbowy has not be served.

42 U.S.C. §§ 2000e, et seq.; the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §§ 621, et seq.; and 42 U.S.C. § 1981. See Exhibit "A."

5. The above-captioned action is a civil action of which the District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that it alleges claims which arise under the laws of the United States. This action is therefore removable to the District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. §§ 1441 and 1443.

6. This Notice of Removal is timely because it is being filed within thirty days of Defendants' receipt of the Summons and Complaint. See 28 U.S.C. § 1446 (b).

7. Defendants will promptly file a copy of this Notice of Removal with the Clerk of the State Court in which the action is pending.

**WHEREFORE**, Defendants respectfully requests that the above-captioned action be removed from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York.

Dated:   New York, New York
         October 19, 2015

        **ZACHARY W. CARTER**
        Corporation Counsel of the City of New York
        Attorney for Defendants
           City of New York
           Department of Education
        100 Church Street, Room 2-169
        New York, New York 10007
        (212) 356-2469
        krose@law.nyc.gov

By: _____
      Kurt Rose
      Assistant Corporation Counsel

TO:   Uwem Umoh (via first class mail)
      25 Bond Street, 2nd Floor
      Brooklyn, New York 11201
      (718) 360-0527

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Janet Elliot-Leach
        Plaintiff,

v.

The City of New York, New York City
Department of Education, Michelle Herbowy
Does 1-10
        Defendants

INDEX NO. 511414/2015
COMPLAINT AND

JURY TRIAL DEMAND

Plaintiff JANET ELLIOT-LEACH ("Plaintiff," "Leach,") as and for her complaint by her undersigned counsel, alleges as follows:

## INTRODUCTION

1. This is a suit to obtain relief for discrimination on the basis of race, age, disability as well as retaliation from the discrimination and termination of plaintiff's employment by New York City Department of Education, (hereinafter "NYCDOE") on or about July 30, 2014.

## PARTIES

2. The Plaintiff, Janet Elliot-Leach, a Black female and national of Trinidad and Tobago was born on September 19, 1952 and is a resident of the State of New York.

3. Plaintiff was employed by Defendant, New York City Department of Education (NYCDOE). Plaintiff served most recently as an Education Administrator (EA4) before she was terminated from her employment by defendant NYCDOE.

4. At all times relevant plaintiff was an "employee" of NYCDOE within the meaning of the aforementioned statutes.

5. Upon information and belief, NYCDOE is a New York City non-partisan government

1

agency, and is engaged in operations in New York, New York.

6. Upon information and belief, NYCDOE serves New York, New York and manages New York City's Public Schools.

7. Upon information and belief Defendant, Michelle Herbowy, resides in New York, New York.

8. At the time of Plaintiff's termination Defendant Herbowy held title of Executive Director for Instruction, Division of Students Disabilities and ELLs at NYCDOE.

## FACTUAL ALLEGATIONS

9. NYCDOE hired Plaintiff in 2004 for the position of Education Administrator 3 (hereinafter "EA3"). Her employment terminated on July 30, 2014; at this date the Plaintiff held the position of Education Administrator 4 (hereinafter "EA4"). At all times Leach was competent and qualified for this position and did not disobey orders and directives from her superiors.

10. Defendant Herbowy was the direct supervisor of Plaintiff at NYCDOE from September 2012 until her termination date of July 30, 2014.

11. Defendant Herbowy created a hostile work environment for minorities and the elderly during her time as supervisor for the NYCDOE. Plaintiff was targeted because of her age, race, and disability; and as a result was a victim to acts of discrimination.

12. Plaintiff received an unsatisfactory review in 2012, soon after Defendant Herbowy attained her supervisor position

13. Plaintiff asked for a hearing, as a result of an unsatisfactory review in 2012. This hearing would be heard on October 5, 2012 to contest the rating given to her, as a result of her absences.

2

14. Upon information and belief, Plaintiff had received approval of all absences from her supervisor, Michelle Herbowy.

15. The meeting that Plaintiff called to contest her rating was abbreviated.

16. Subsequently to the meeting on October 5, 2012 that was abbreviated, Plaintiff was called in to disciplinary meetings several times, where she was told to bring her union rep.

17. At all times in which these meeting with Defendant Herbowy took place, Plaintiff successfully contested all reasons for the disciplinary actions taken against her.

18. On more then one occasion from the time Defendant, Herbowy served as Leach's supervisor, Plaintiff was asked to sign an extension of Probation form.

19. As a result of inconsistencies Plaintiff experienced through out her employment under Defendant Herbowy and the confusion about the probation form, Plaintiff retained a lawyer.

20. Defendant Herbowy along with an employee at the central office told Plaintiff that she could not bring a lawyer to these meetings.

21. Furthermore, when Plaintiff finally procured a meeting with herself, her attorney, and Defendant Herbowy; it was abbreviated before any significant exchange could take place.

22. On November 13, 2013, soon after Plaintiff's doctor diagnosed her with Non-Hodgkin's Lymphoma, plaintiff informed her supervisor Michelle Herbowy of her medical condition, as plaintiff would be absent every Friday.

23. Defendant Herbowy knew of Plaintiffs condition and the reasons for her absentees and did not sign an approval of full Family and Medical Leave Act (FMLA) when requested by Plaintiff.

3

24. During the time Plaintiff worked under supervision of Defendant Herbowy, Plaintiff witnessed acts of racial discrimination in the office.
25. One example was a new arrangement of seating where the minorities were moved to the back of the office.
26. Subsequently, as a result of many partial dealings between Plaintiff and Defendant Herbowy, Plaintiff contacted the DOE office of Equal Opportunity to have a representative come to the office and convey to the workers their rights.
27. Plaintiff experiences biased acts under Defendant Herbowy with regard to her age.
28. Plaintiff heard Defendant Herbowy make statements that referenced age with productivity.
29. Defendant Herbowy has stated, "after five years you flat line and you're not effective any more".
30. Coinciding with age discriminating comments, Michelle Herbowy showed favoritism to the younger employees. Michelle Herbowy created a group of workers in which she called directors; all of whom held the age of being in their thirties and under.
31. Defendant Herbowy showed her favoritism on several occasion.
32. A meeting where everyone would present their modules where called vetting meetings.
33. When Plaintiff tried to present her modules at a vetting meeting, Defendant Herbowy would excuse herself without ever hearing Plaintiffs module presentation.
34. Matters came to a head when plaintiff failed to sign an extension of probation form for the reasons contested and previously explained.
35. As a result of failing to sign an extension of probation form Plaintiff was terminated before her anniversary of August 2nd.

36. Following this incident, plaintiff has yet to receive an uncontested reason why her probation was continuously extended and eventually terminated.
37. That but for plaintiff's race, age, and disability, she would still be working at NYCDOE.
38. On or about July 30, 2014, plaintiff was terminated.

### AS AND FOR A FIRST CAUSE OF ACTION

39. Plaintiff adopts and incorporates each allegation designated above in support of this Count.
40. Plaintiff was a subject to discriminating behavior during her time at NYCDOE under supervision of Defendant Herbowy.
41. In light of the foregoing therefore, the defendants discriminated against plaintiff on account of her race in violation of the Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq.

### AS AND FOR A SECOND CAUSE OF ACTION

42. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.
43. The defendants discriminated against plaintiff on the basis of her race, in violation of New York State Executive Law (Human Rights Law) §296.

### AS AND FOR A THIRD CAUSE OF ACTION

44. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.
45. The defendants discriminated against plaintiff on the basis of her race, in violation of Administrative Code of the City of New York.

### AS AND FOR A FOURTH CAUSE OF ACTION

46. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

47. The defendants discriminated against plaintiff on the basis of her race, in violation of Section 1981.

### AS AND FOR A FIFTH CAUSE OF ACTION

48. Plaintiff adopts and incorporates each allegation set forth above in support of this count.
49. In light of the foregoing therefore, the defendants subjected plaintiff to discrimination on account of her age in violation of ADEA.

### AS AND FOR A SIXTH CAUSE OF ACTION

50. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.
51. The defendants retaliated against plaintiff because she complained about the discriminatory treatment she was subjected to as a result of her age, in violation of New York State Executive Law.

### AS AND FOR A SEVENTH CAUSE OF ACTION

52. Plaintiff adopts and incorporates each allegation set forth above in support of this count.
53. In light of the foregoing therefore, the defendants retaliated against plaintiff on account of her age in violation of the Administrative Code of the City of New York.

### AS AND FOR A NINTH CAUSE OF ACTION

54. Plaintiff adopts and incorporates each allegation designated above in support of this Count.
55. In light of the foregoing therefore, the defendants retaliated against plaintiff on account of her race in violation of the New York State Executive Law.

### AS AND FOR A TENTH CAUSE OF ACTION

56. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.
57. The defendants retaliated against plaintiff because she complained about the racially

discriminatory treatment she was subjected to based on her race, in violation of Administrative Code of the City of New York.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION

58. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

59. In light of the foregoing therefore, the defendants discriminated against plaintiff on account of her age in violation of the New York State Executive Law.

### AS AND FOR A TWELFTH CAUSE OF ACTION

60. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

61. In light of the foregoing therefore, the defendants subjected plaintiff to a hostile work environment on account of her race in violation of the New York State Executive Law.

### AS AND FOR A THIRTEEN CAUSE OF ACTION

62. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

63. In light of the foregoing therefore, the defendants subjected plaintiff to a discriminatory hostile work environment on account of her age in violation of the New York State Executive Law.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION

64. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

65. The defendants retaliated against plaintiff on account of her age, in violation of the Administrative Code of the New York City.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION

66. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

67. The defendants terminated plaintiff's employment as a result of her race, in violation of the Administrative Code of the City New York.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION

68. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

69. The defendants terminated plaintiff's employment for complaining about discriminatory employment practices to which she was subjected based on her race, in violation of Administrative Code of the City of New York, §§8-107.1(a) et seq.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION

70. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

71. In light of the foregoing therefore, the defendants retaliated against plaintiff on account of her National Origin in violation of the Administrative Code of the City of New York

## AS AND FOR A NINTEENTH CAUSE OF ACTION

72. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

73. In light of the foregoing therefore, the individual defendants tortuously interfered with contractual relations between plaintiff and IFAC

## AS AND FOR A NINTEENTH CAUSE OF ACTION

74. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

75. In light of the foregoing therefore, the defendants also failed to pay plaintiff wages owed to her pursuant to NY Labor Law.

76. That said failure to pay was willful.

77. Plaintiff respectfully request reasonable attorney's fees, liquidated damages and back pay.

## PRAYER FOR RELIEF AND JURY DEMAND

WHEREFORE, Janet Elliot-Leach, demand judgment as follows:

(a) against all defendants, declaring the acts and practices complained of herein are in violation of

8


, The Human Rights Law of the City of New York, NY Labor Law 198 and the Common Laws of New York.

(b)enjoining and permanently restraining these violations of The Human Rights Law of the City of New York, NY Labor Law 198 and the Common Laws of New York.

(c)directing defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiffs' employment opportunities;

(d)directing defendants to make them whole for all earnings she would have received but for defendants' unlawful conduct, including, but not limited to, wages, pension, bonuses, and other lost benefits;

(e)Directing defendant's to reinstate plaintiff or if reinstatement is not possible, to ward plaintiff front pay, including, but not limited to, wages, pension, bonuses, and lost benefits;

(f)Directing defendants to pay plaintiff an additional amount as compensatory damages for her pain and suffering;

(g)Directing defendants to pay plaintiff an additional amount as punitive damages for their willful and/or reckless disregard for plaintiff's statutory rights;

(h)Awarding plaintiff such interest a is allowed by law;

(i)Awarding plaintiff reasonable attorneys' fees and costs;

(j)Trial by Jury; and

(k)Granting such and further relief as this Court deems necessary and proper.

Awarding plaintiff, Janet Elliot-Leach, such damages as may be proved at trial, including reinstatement, back pay, front pay, compensatory damages and punitive damages as well as costs and disbursements of this action.

9

Dated:  Brooklyn, New York    Respectfully submitted,
        September 15, 2015

                              /S/ _____
                              UWEM UMOH
                              Attorney for Plaintiff
                              25 Bond Street, 2nd Floor
                              Brooklyn, NY 11201
                              718.360.0527

Defendant's Address:
City of New York
100 Church Street
New York, NY 10007

10