UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Janet Elliot-Leach<br>            Plaintiff,<br><br>v.<br><br>New York City Department of Education,<br>Michelle Herbowy; Does 1-10<br>            Defendants | INDEX NO. 15 CV 5982(ILG)(VMS)<br>COMPLAINT AND<br><br>JURY TRIAL DEMAND |

Plaintiff JANET ELLIOT-LEACH ("Plaintiff," "Leach,") as and for her complaint by her undersigned counsel, alleges as follows:

## INTRODUCTION

1. This is a suit to obtain relief for discrimination on the basis of race, national origin, disability as well as retaliation from the discrimination and termination of plaintiff's employment by New York City Department of Education, (hereinafter "NYCDOE"), Michelle Herbowy and Does 1-10 on or about July 30, 2014.

## PARTIES

2. The Plaintiff, Janet Elliot-Leach, a Black female and national of Trinidad and Tobago was born on September 19, 1952 and is a resident of the State of New York.

3. Plaintiff was employed by Defendant, New York City Department of Education (NYCDOE). Plaintiff served most recently as an Education Administrator (EA4) before she was terminated from her employment by defendant NYCDOE.

4. At all times relevant plaintiff was an "employee" of NYCDOE within the meaning of the aforementioned statutes.

1

5. Upon information and belief, NYCDOE is a New York City non-partisan government agency, and is engaged in operations in New York, New York.

6. Upon information and belief, NYCDOE serves New York, New York and manages New York City's Public Schools.

7. Upon information and belief Defendant, Michelle Herbowy, resides in New York, New York.

8. At the time of Plaintiff's termination Defendant Herbowy held title of Executive Director for Instruction, Division of Students Disabilities and ELLs at NYCDOE.

9. Does 1-10 are unidentified employees of the NYCDOE.

## FACTUAL ALLEGATIONS

### Plaintiff begins working for Defendants

10. NYCDOE hired Plaintiff in 2004 for the position of Education Administrator 3 (hereinafter "EA3"). Her employment terminated on July 30, 2014; at this date the Plaintiff held the position of Education Administrator 4 (hereinafter "EA4"). At all times Leach was competent and qualified for this position and did not disobey orders and directives from her superiors.

11. Defendant Herbowy was the direct supervisor of Plaintiff at NYCDOE from September 2012 until her termination date of July 30, 2014.

### Plaintiff suffers discrimination.

12. Defendant Herbowy created a hostile work environment for minorities, the disabled and the elderly during her time as supervisor for the NYCDOE. Plaintiff was targeted because of her age, race, and disability; and as a result was a victim to acts of discrimination.

2

13. Beginning on October 5, 2012, less than one month of being supervised by Michelle Herbowy, Plaintiff was called in to disciplinary meetings several times, where she was told to bring her union rep.

14. Plaintiff received an unsatisfactory review at the end of the 2012-2013 school year, soon after Defendant Herbowy attained her supervisor position. Similarly situated white employees did not receive this unsatisfactory review.

15. Plaintiff asked for a hearing, as a result of the unsatisfactory review in 2012-2013. This hearing would be heard on March 03, 2014, to contest the rating given to her, as a result of her absences since the absences were approved by Herbowy.

16. Plaintiff had received approval of all absences from her supervisor, Michelle Herbowy.

17. The meeting that Plaintiff called to contest her rating was ~~abbreviated~~. cancelled.

18. At all times in which these meeting with Defendant Herbowy took place, Plaintiff successfully contested all reasons for the disciplinary actions taken against her. Including one in which Michelle Herbowy had to retract, correct, and re-write the allegations made against the plaintiff.

19. On more then one occasion from the time Defendant, Herbowy served as Leach's supervisor, Plaintiff was asked to sign an extension of Probation form.

20. As a result of inconsistencies Plaintiff experienced throughout her employment under Defendant Herbowy, and the confusion about the probation form, Plaintiff retained a lawyer.

21. Defendant Herbowy along with employees, Venus Devanni and Aupont Fougere, at the central office told Plaintiff, in writing, she could not bring a lawyer to these meetings.

22. Furthermore, when Plaintiff finally procured a meeting with herself, her attorney, and

Defendant Herbowy; it was abbreviated before any significant exchange could take place.

23. On November 13, 2013, soon after Plaintiff's doctor diagnosed her with Non-Hodgkin's Lymphoma, plaintiff informed her supervisor Michelle Herbowy of her medical condition, as plaintiff would be absent every Friday. This information was also conveyed to the payroll secretary, Helen Kennedy, since this absence is in the category of intermittent FMLA and managed by the payroll secretary.

24. Defendant Herbowy knew of Plaintiff's condition and the reasons for her absentees and did not sign an approval of full Family and Medical Leave Act (FMLA) when requested by Plaintiff. These acts were in retaliation for plaintiff's complaints about discrimination. They were also discriminatory and denied her reasonable accommodation. Requests for medical accommodations were made to the medical office at 65 Court Street. In response to the requests.  Bill Brewton contacted plaintiff on April 15, 2014, April 23 at 1153 a.m. and May 02. These communications did not result in any accommodations granted. The plaintiff, in preference to her treatment, then requested that the accommodation be request be deferred to remove her from the rigors of the process.

25. This act was done intentionally to impair plaintiff's right sot obtain FMLA relief.

26. During the time Plaintiff worked under supervision of Defendant Herbowy, Plaintiff witnessed acts of racial discrimination in the office.

27.  One example was a new arrangement of seating where the minorities were moved to the back of the office.

28. Subsequently, as a result of many partial dealings between Plaintiff and Defendant Herbowy, Plaintiff contacted the DOE office of Equal Opportunity to have a representative come to the office and convey to the workers their rights.  Communication

with the DOE office of Equal Opportunity was initiated by plaintiff on Friday, April 28, 2013 and the meeting was held on May 08, 2013. She also reported that she was being discriminated against on the basis of her race, national origin and disability.

29. That this discrimination was part of a pattern and practice of the NYCDOE that adversely affects minority employees.

30. NYCDOE being made ware of these discriminatory practices has not taken adequate steps to remedy it.

**Plaintiff Suffers Retaliation**

31. Plaintiff experienced biased acts under Defendant Herbowy on the basis of her race, age, national origin and disability.

32. Plaintiff heard Defendant Herbowy make statements that referenced age with productivity,

33. Defendant Herbowy has stated, "after five years you flat line and you're not effective any more".

34. Coinciding with age discriminating comments, Michelle Herbowy showed favoritism to the younger employees. Michelle Herbowy created a group of workers in which she called directors; all of whom held the age of being in their thirties and under.

35. Defendant Herbowy showed her favoritism on several occasions. She made it clear, in a meeting, setting that she had chosen 3 specific employees to work with her. She also convened and attended lunches and birthday celebrations for specific employees and herself.

36. A meeting where everyone would present their modules where called vetting meetings.

37. When Plaintiff tried to present her modules at a vetting meeting, Defendant Herbowy

would excuse herself without ever hearing Plaintiffs module presentation.

38. Matters came to a head when plaintiff failed to sign an extension of probation form for the reasons contested and previously explained.

39. As a result of failing to sign an extension of probation form Plaintiff was terminated before her anniversary of August 2nd.

40. Following this incident, plaintiff has yet to receive an uncontested reason why her probation was continuously extended and eventually terminated.

41. That but for plaintiff's race, age, and disability, she would still be working at NYCDOE.

42. On or about July 30, 2014, plaintiff was terminated.

## AS AND FOR A FIRST CAUSE OF ACTION

43. Plaintiff adopts and incorporates each allegation designated above in support of this Count.

44. Plaintiff was a subject to discriminating behavior during her time at NYCDOE under supervision of Defendant Herbowy.

45. In light of the foregoing therefore, the defendants discriminated against plaintiff on account of her race and national origin in violation of the Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq.

## AS AND FOR A SECOND CAUSE OF ACTION

46. Plaintiff adopts and incorporates each allegation designated above in support of this Count.

47. Plaintiff was a subject to retaliation during her time at NYCDOE under supervision of

Defendant Herbowy.

48. In light of the foregoing therefore, the defendants retaliated against plaintiff on account of her race and national origin in violation of the Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq.

## AS AND FOR A THIRD CAUSE OF ACTION

49. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

50. The defendants discriminated against plaintiff on the basis of her race, in violation of 42 U.S.C. § 1983 for deprivation of rights under the Fifth, and Fourteenth Amendments and 42 U.S.C. § 1985 for conspiracy to interfere with civil rights.

## AS AND FOR A FOURTH CAUSE OF ACTION

51. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

52. In light of the foregoing therefore, the defendants subjected plaintiff to discrimination on account of her age in violation of ADEA.

## AS AND FOR A FIFTH CAUSE OF ACTION

53. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

54. In light of the foregoing therefore, the defendants subjected plaintiff to discrimination on account of her disability in violation of ADA.

## AS AND FOR A SIXTH CAUSE OF ACTION

55. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

56. In light of the foregoing therefore, the defendants subjected plaintiff to retaliation on account of her disability in violation of ADA.

## AS AND FOR A SEVENTH CAUSE OF ACTION

57. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

    In light of the foregoing therefore, the individual defendants interfered with plaintiff's right to exercise rights provided for by the FMLA.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

58. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

    In light of the foregoing therefore, the individual defendants retaliated against plaintiff for exercising her rights pursuant to the FMLA.

## AS AND FOR A NINTH CAUSE OF ACTION

59. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

60. In light of the foregoing therefore, the defendants also failed to pay plaintiff wages owed to her pursuant to FLSA.

61. That said failure to pay was willful.

62. Plaintiff respectfully request reasonable attorney's fees, liquidated damages and back pay.

## PRAYER FOR RELIEF AND JURY DEMAND

WHEREFORE, Janet Elliot-Leach, demand judgment as follows:

(a) against all defendants, declaring the acts and practices complained of herein are in violation of Title VII, ADEA, ADA, FLSA, FMLA, , Section 1983, 1985.

(b) enjoining and permanently restraining these violations of Title VII, ADEA, ADA, FMLA, FLSA, Section 1983, 1985.

(c) directing defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiffs'

employment opportunities;

(d) directing defendants to make them whole for all earnings she would have received but for defendants' unlawful conduct, including, but not limited to, wages, pension, bonuses, and other lost benefits;

(e) Directing defendant's to reinstate plaintiff or if reinstatement is not possible, to award plaintiff front pay, including, but not limited to, wages, pension, bonuses, and lost benefits;

(f) Directing defendants to pay plaintiff an additional amount as compensatory damages for her pain and suffering;

(g) Restore plaintiff to her position;

(h) Directing defendants to pay plaintiff an additional amount as punitive damages for their willful and/or reckless disregard for plaintiff's statutory rights;

(i) Awarding plaintiff such interest a is allowed by law;

(j) Awarding plaintiff reasonable attorneys' fees and costs;

(k) Trial by Jury; and

(l) Granting such and further relief as this Court deems necessary and proper.

Awarding plaintiff, Janet Elliot-Leach, such damages as may be proved at trial, including reinstatement, back pay, front pay, compensatory damages and punitive damages as well as costs and disbursements of this action.

Dated:   Brooklyn, New York           Respectfully submitted,
         January 1, 2016

                                       /S/ _____
                                       UWEM UMOH
                                       Attorney for Plaintiff
                                       25 Bond Street, 2nd Floor
                                       Brooklyn, NY 11201

9

718.360.0527


Defendants' Address:
City of New York
100 Church Street
New York, NY 10007