UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JANET ELLIOT-LEACH,

                      Plaintiff,

  - against -

NEW YORK CITY DEPARTMENT OF EDUCATION et al.,

                      Defendant.
---------------------------------------------------------x

MEMORANDUM AND ORDER

15 Civ. 5982 (ILG) (VMS)

GLASSER, Senior United States District Judge:

## INTRODUCTION

Plaintiff Janet Elliot-Leach brings nine claims against her former employer, the New York City Department of Education ("DOE"), and her former supervisor, Michelle Herbowy.[1] Plaintiff alleges discrimination and retaliation based on: race, 42 U.S.C. § 2000e et seq. ("Title VII"); age, 29 U.S.C. § 621 et seq. ("ADEA"); and disability, 42 U.S.C. § 12101 et seq. ("ADA"). Plaintiff also brings claims under the 29 U.S.C. § 2615 (the Family Medical Leave Act ("FMLA")), 29 U.S.C. § 201 et seq. (the Fair Labor Standards Act ("FLSA")), and 42 U.S.C. §§ 1983, 1985.

Presently before the Court is Defendant DOE's motion to dismiss the Amended Complaint. Plaintiff cross-moves to remand the case or, in the alternative, to amend again. For the following reasons, Defendant's motion is GRANTED and Plaintiff's motions are DENIED.

---

[1] Defendant DOE asserts, on information and belief, that Herbowy was never been properly served—a fact that Plaintiff does not contest. Thus, in addition to the below discussion of the legal insufficiency of Plaintiff's claims, all claims against Herbowy are dismissed for the additional reason that she was never served. See Fed R. Civ. P. 12(b)(5).

1

## BACKGROUND

Plaintiff, a 64 year-old black woman, worked as an Education Administrator at the DOE. In September 2012, Herbowy became her supervisor and, shortly thereafter, began confronting Plaintiff about disciplinary issues including excessive absences. At the time, Plaintiff was still a probationary employee because she had not yet worked in her position long enough to be eligible for tenure.

At the end of the 2012-13 school year, Plaintiff received an unsatisfactory review. She was thus asked to extend her probationary period. She agreed to do so. (See Am. Compl. ¶¶ 19–20, ECF No. 14.)

In November of the 2013-14 school year, Plaintiff was diagnosed with Non-Hodgkin's Lymphoma. At her doctor's suggestion, she took intermittent FMLA leave. Throughout the year, Plaintiff's disciplinary issues continued, prompting another request that she extend her probationary period. But this time Plaintiff refused to sign the extension form and she was fired as a result. (See id. ¶ 39.)

On September 17, 2015, Plaintiff sued the City of New York, the DOE, Herbowy, and ten other unnamed DOE employees, alleging discrimination under federal and state laws. Defendant removed that action to this Court on October 19, 2015, and then moved to dismiss the complaint pursuant to Rule 12(b), Fed. R. Civ. P. In response, Plaintiff amended her complaint, adding new claims under 42 U.S.C. §§ 1983, 1985, the ADA, the FMLA, and the FLSA, and withdrawing claims under the New York State and New York City Human Rights Laws. Plaintiff also withdrew all claims against the City. That Amended Complaint, now before the Court, is the subject of Defendant's renewed motion to dismiss.

**DISCUSSION**

1. **Legal Standard**

Defendant asserts that the Amended Complaint must be dismissed pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P.  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  A plaintiff asserting jurisdiction bears the burden of proving, by a preponderance of the evidence, that subject matter jurisdiction exists. Id.

A motion to dismiss under Rule 12(b)(6), on the other hand, asks the Court to determine whether the complaint provides "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and pleadings that "are no more than conclusions . . . are not entitled to the assumption of truth." Id. at 679.

In support of their motions, both parties cite to documents outside the Amended Complaint, namely, a transcript of Plaintiff's 50-h hearing and a letter from the Equal Employment Opportunity Commission ("EEOC").  Although both parties rely on these documents, neither proposes converting Defendant's motion to one for summary judgment under Rule 12(d), Fed. R. Civ. P.  Indeed these documents are routinely considered on a 12(b)(1) motion to dismiss. See Makarova, 201 F.3d at 113.  And, to the extent they are relevant to Defendant's motion pursuant to 12(b)(6), they still may be considered, since they are "relie[d

3

upon] heavily . . . [in] terms and effect, [and] thereby render[ed] . . . 'integral' " to the Amended Complaint. DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). See also L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) (considering emails attached to Defendant's Counterclaims since they were "integral" to the facts that Plaintiff "identified as the basis for its Complaint").[2]

### 2. Plaintiff's Motions

Before turning to Defendant's motion, the Court will first address Plaintiff's motions to remand or, alternatively, to amend her complaint. Both motions are without merit and both are denied.

#### a. Remand

Now, long after amending her complaint (see ECF No. 14) and asking for several filing extensions (see, e.g. ECF Nos. 10, 20, 22), Plaintiff argues for the first time that this action should be remanded to state court. She asserts that Defendant did not remove it within the thirty day period required by 28 U.S.C. § 1446(b).

That argument is without merit. It is true that Defendant removed the action thirty-two days after they received the Complaint, but the thirtieth day—October 17, 2015—fell on a Saturday. Thus, Defendant's two-day delay is excused under Fed. R. Civ. P. 6(a)(1)(c), which provides that if the last day of a statutory period falls on a Saturday, "the period continues to run

---

[2] Other courts have considered transcripts of 50-h hearings on motions to dismiss without converting to summary judgment under Fed. R. Civ. P. 12(d). See Dellate v. Great Neck Union Free Sch. Dist., No. 09 Civ. 2567 (AKT), 2010 WL 3924863, at *4 (E.D.N.Y. Sept. 30, 2010), aff'd sub nom. Dellatte v. Great Neck Union Free Sch. Dist., 448 F. App'x 164 (2d Cir. 2012), as amended (Jan. 24, 2012) ("In light of the fact that, at the time the motions to dismiss were filed, the transcript of the 50–h hearing was available and known to all parties, and that both parties here are relying upon portions of the transcript to support their respective arguments, the transcript may be considered by the Court.").

until the end of the next day that is not a Saturday, Sunday, or legal holiday." Plaintiff's motion to remand is denied.

   *b. Amendment*

Leave to amend a complaint "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and " '[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead.' " Vacold LLC v. Cerami, No. 00 Civ. 4024 (AGS), 2002 WL 193157, at *6 (S.D.N.Y. Feb. 6, 2002) (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir.1991)). But where Plaintiff's claims fail as a matter of law and amendment would be futile, leave to replead may be denied. See Woodward v. Morgenthau, 740 F. Supp. 2d 433, 441 (S.D.N.Y. 2010). Given the procedural history and the deficiencies of the Amended Complaint (described in more detail below) further amendment would be futile. Plaintiff's motion to amend the Amended Complaint is, therefore, denied.

 **3. Defendant's Motion**

Having determined that the case is properly before this Court and that the operative complaint is the Amended Complaint, the Court now turns to Defendant's motion.

   *a. Claims brought pursuant to Title VII, the ADEA, and the ADA*

Plaintiff's claims under Title VII, the ADEA, and the ADA are barred because she failed to exhaust the administrative procedures required to bring suit under those provisions. Under Title VII, the ADEA, and the ADA, a plaintiff can sue in federal court only after filing timely charges with the EEOC. See 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); see also Holowecki v. Fed. Express Corp., 440 F.3d 558, 562–63 (2d Cir. 2006). The EEOC has no record of any charge filed by the Plaintiff. (See Rose Dec. Ex. D at 4, ECF

5

No. 17-4.)  Therefore, all claims brought pursuant to those laws—Counts One, Two, Four, Five, and Six—are dismissed.

### b. *Claims brought pursuant to §§ 1983, 1985*

Plaintiff's third cause of action is vaguely alleged as follows: "The defendants discriminated against plaintiff on the basis of her race, in violation of 42 U.S.C. § 1983 for deprivation of rights under the Fifth, and Fourteenth Amendments and 42 U.S.C. § 1985 for conspiracy to interfere with civil rights." (Am. Compl. ¶ 50, ECF No. 14.)  This claim thus contains two components, neither of which have merit.

Plaintiff alleges, pursuant to § 1983, that Defendant violated her constitutional rights by discriminating against her because of her race.  To bring this claim, Plaintiff must show a municipal policy or custom that encouraged or allowed the alleged discrimination. See Patterson v. Cty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) ("When the defendant sued for discrimination under . . . § 1983 is a municipality[—]or an individual sued in his official capacity[—]the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom.") (citation omitted).

Instead, the Amended Complaint describes vague conduct or incidents that, without more, fall far short of a policy of discrimination.  Plaintiff alleges that she "observed [] behaviors" by Herbowy, including "benign indifference" to whether she or her minority colleagues attended meetings, Herbowy "convers[ing] . . . with selected people" (who were presumably white), and "[n]onrecognition" of her work. (Leach Dec. Ex. 1, 50-h Hr'g Tr. 49:15–52:24; 56:24–57:20, ECF No. 25-1.)  She further alleges that Herbowy changed the "entire office seating chart . . . , so that . . . [a]ll the people who were minorities were put at the back" (id. 52:20–53:14)—though she concedes that "there was no obvious difference" in the new seating

arrangement. (Id. at 54:4.)  These conclusory allegations fail to establish a "discriminatory practice of municipal officials [] so persistent or widespread as to constitute a custom or usage with the force of law." Patterson, 375 F.3d at 226 (quotation omitted).  To the extent Count Three alleges a violation of 42 U.S.C. § 1983, it is dismissed.

Plaintiff also alleges, pursuant to 42 U.S.C. § 1985, that her constitutional rights were violated through a civil conspiracy.  "[T]o maintain an action under Section 1985, a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." Webb v. Goord, 340 F.3d 105, 110 (2d Cir. 2003) (quotation omitted).  However, Plaintiff has not alleged any agreement between Herbowy and any other DOE employees. (See generally Leach Dec. Ex. 1, 50-h Hr'g Tr., ECF No. 25-1.)  Additionally, Herbowy cannot have conspired with the DOE, itself, since corporate employees acting within the scope of their employment and the corporate entity "are considered a single entity and are legally incapable of conspiring with each other." Biswas v. City of New York, 973 F. Supp. 2d 504, 534 (S.D.N.Y. 2013).  Thus, to the extent Count Three alleges a violation of 42 U.S.C. § 1983, it is also dismissed.

  *c. Claims brought pursuant to the FMLA*

Plaintiff brings two claims under the FMLA.  She first asserts that the Defendant unlawfully "interfere[d] with, restrain[ed], or den[ied] the exercise of or the attempt to exercise" her rights provided by the FMLA. 29 U.S.C. § 2615(a)(1).  To establish this claim, Plaintiff must show that, *inter alia*, she was denied benefits to which she was entitled under the FMLA.  See Achille v. Chestnut Ridge Transp., Inc., 584 F. App'x 20, 21 (2d Cir. 2014).

But the Amended Complaint reveals just the opposite.  Its main grievance is that Plaintiff was denied *full* FMLA leave. (See Am. Compl. ¶ 24.)  However, it was her doctor who would

not approve full leave, allowing only intermittent absences. (See Leach Dec. Ex. 1, 50-h Hr'g Tr. 17–19.)  And Defendant approved that intermittent FMLA leave. (See Pl.'s Mem. of Law at 15, ECF No. 25 ("Where, as here, plaintiff did obtain FMLA . . ."); Leach Dec. Ex. 1, 50-h Hr'g Tr. 61:17–25.)  Accordingly, Plaintiff received all the benefits to which she was entitled, and her claim for FMLA interference must be dismissed.

Plaintiff also brings an FMLA "retaliation" claim, alleging that she was discriminated against for having exercised her rights under the FMLA. See 29 U.S.C. § 2615(b)(1).  To establish a *prima facie* case of FMLA retaliation, Plaintiff must show that: 1) she exercised rights protected under the FMLA; 2) she was qualified for her position; 3) she suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. Achille, 584 F. App'x at 22.  Plaintiff has established the first three of these elements, since she did exercise rights afforded by the FMLA, she was terminated, and under the "not exacting" standard of "basic qualifications," she is clearly a "qualified" employee. Donnelly v. Greenburgh Cent. Sch. Dist. No. 7, 691 F.3d 134, 151 (2d Cir. 2012).

But Plaintiff has not shown the fourth factor, a "causal inference" between the FMLA leave and her termination. Donnelly, 691 F.3d at 152.  Plaintiff's disciplinary issues were well-documented by Herbowy (see, e.g. Leach Dec. Ex. 5, ECF No. 25-1), and they predated her leave, which did not begin until November 2013. (See, e.g. Leach Dec. Ex. 1, 50-h Hr'g Tr. 13:5–9 (Plaintiff received an unsatisfactory rating for absences in 2012); id. at 15:20–24 (Plaintiff's probationary period was extended in 2012 because she failed to complete an assignment); id. at 24:7–24 (Plaintiff attended a disciplinary meeting in October 2012 about her absences).)  Plaintiff also concedes that she was fired because she refused to sign an extension of

8

probation form. (See Am. Compl. ¶¶ 38–39, ECF No. 14.)  These facts all suggest that Plaintiff was terminated for reasons unrelated to the exercise of her FMLA entitlements.  Accordingly, this claim must also be dismissed.

        *d.  Claim brought pursuant to the FLSA*

Finally, Plaintiff brings a claim under the FLSA, vaguely alleging that "defendants also failed to pay [her] wages owed to her pursuant to FLSA" and that "said failure to pay was willful." (Am. Compl. ¶¶ 60–61, ECF No. 14.)  But she offers no additional facts to support this charge, including no reference to any specific provision of the FLSA, no description of the uncompensated hours she worked, and no mention of her wage rate.  She provides, therefore, no details to support a reasonable inference that she is entitled to relief. Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201 (2d Cir. 2013).  This claim is dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion is granted.  Plaintiff's claims are dismissed with prejudice.

SO ORDERED.

Dated:        Brooklyn, New York
                August 12, 2016

                                            /s/
                                          I. Leo Glasser
                                          Senior United States District Judge